1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEMIAN TREVOR O'KEEFFE,

11          Plaintiff,                        NO. CIV. S-04-1695 WBS GGH PS

12       v.

13   EDWARD S. ALAMEIDA, et al.,

14          Defendants.                ORDER

15   _____/

16          By order filed May 19, 2005, plaintiff was directed to show cause why defendants

17   Alameida, Jr., and Erkenbrecher should not be dismissed for failure to effect service of process.

18   Defendant Stinton was ordered to show cause why default should not be entered due to his

19   failure to respond to the complaint.  On May 24, 2005 plaintiff responded that he could not locate

20   the two remaining defendants, and requested that the court not dismiss them in the hope that they

21   would either be located in future or called before the court as defense witnesses so that he could

22   effect service at that time.  In the alternative, plaintiff requested that the Marshal serve them

23   without disclosing their address to him.

24          Defendant Stinton filed a response to the order on June 7, 2005, as well as an

25   answer, stating that due to calendaring mistakes of counsel, the answer was not timely filed.

26   Defendant Erkenbrecher has also filed an answer.  Therefore, the show cause order will be

1

1  discharged as to defendant Stinton and in regard to plaintiff's failure to effect service on

2  defendant Erkenbrecher.

3         In regard to defendant Alameida, Jr., the United States Marshal had failed to

4  execute service because this defendant had retired from the Department of Corrections and the

5  CDC refused to provide defendant's forwarding address.  (Docket #7.)  A review of the

6  complaint indicates that plaintiff has not linked this defendant to his claims for monetary

7  damages.

8         The Civil Rights Act under which this action was filed provides as follows:

9         Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
10        deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
11        law, suit in equity, or other proper proceeding for redress.

12  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

17  omits to perform an act which he is legally required to do that causes the deprivation of which

18  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19         Moreover, supervisory personnel are generally not liable under § 1983 for the

20  actions of their employees under a theory of respondeat superior and, therefore, when a named

21  defendant holds a supervisorial position, the causal link between him and the claimed

22  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

23  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

24  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

25  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

26  Cir. 1982).

1    Plaintiff has not shown how defendant Alameida participated in the alleged

2 violations of plaintiff's constitutional rights.  Plaintiff will be given the opportunity to amend his

3 complaint to show how Alameida was involved.

4    In regard to plaintiff's request for injunctive relief against this defendant, that

5 claim is now moot because Alameida is not in a position to grant any claim for such relief.

6 Nevertheless, the court can substitute the name of the successor in office as the named defendant

7 in this action.  "When a public officer is a party to an action in his official capacity and during its

8 pendency...ceases to hold office, ... the officer's successor is automatically substituted as a

9 party."  Fed. R. Civ. P. 25(d)(1).  Therefore, current California Department of Corrections

10 Director Woodford will be named in her official capacity for prospective injunctive relief only,

11 and will be automatically substituted in as a defendant.  When plaintiff files his amended

12 complaint, he will name the current director as a defendant.

13    Accordingly, IT IS HEREBY ORDERED that:

14    1.  The show cause order of May 19, 2005, is discharged.

15    2. The claims against defendant Alameida are dismissed for the reasons discussed

16 above, with leave to file an amended complaint within thirty days from the date of service of this

17 Order.  Failure to file an amended complaint will result in a recommendation that this defendant

18 be dismissed from this action.

19    3. The Clerk of the Court substitute Jeanne S. Woodford, current California

20 Department of Corrections Director, for former CDC Director Alameida.  Fed. R. Civ. P.

21 25(d)(1).

22    4.  Upon filing an amended complaint or expiration of the time allowed therefor,

23 the court will make further orders for service of process upon defendant Alameida and/or

24 defendant Woodford.

25 \\\\\

26 \\\\\

3

1            5.  The Clerk of the Court is directed to serve a copy of this order on Constance L.

2    Picciano, Supervising Deputy Attorney General.

3    DATED:   8/30/05

4                                            /s/ Gregory G. Hollows

5                                            UNITED STATES MAGISTRATE JUDGE

GGH:076

6    O'Keeffe1695.dch.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26