IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMIAN TREVOR O'KEEFFE,

    Plaintiff,                    NO. CIV. S-04-1695 WBS GGH PS

    v.

EDWARD S. ALAMEIDA, et al.,

    Defendants.             <u>ORDER AND FINDINGS AND</u>

                                      <u>RECOMMENDATIONS</u>

_____/

         By order filed August 30, 2005, plaintiff was informed of the pleading defects in regard to defendant Alameida and directed to file an amended complaint which linked this defendant to his claims for monetary damages. Because the complaint sought both money damages and injunctive relief, the court also substituted the current director of the Department of Corrections, Jeanne Woodford, as a defendant for prospective injunctive relief. The court stated that upon filing an amended complaint, further orders for service of process upon defendant Alameida and/or defendant Woodford would issue.[1]

---

[1] The remaining defendants had previously filed an answer to the original complaint, but had mistakenly labeled their answer, "Defendants' answer to first amended complaint." <u>See</u> Docket numbers 5, 15.

1

On September 16, 2005, plaintiff filed an amended complaint which includes all the original defendants but which is quite different from his original complaint as to the substance of the allegations against all defendants.  Plaintiff has failed to comply with the August 30th order which directed him to amend his complaint as to Alameida only.  Further, plaintiff has not cured the original pleading defect of failing to link Alameida to the claims.  As to Alameida, plaintiff alleges only that this defendant "carried ultimate responsibility over the formulation and implementation of the California Department of Correction's rules, practices, regulations and procedures concerning Parole and Parole Revocation."  Am. Compl. at 20:15-18.

Therefore, the entire amended complaint will be stricken, and this action will proceed on the original complaint.  Plaintiff will not be given another opportunity to state a claim for relief against Alameida, and this defendant will be dismissed.

Plaintiff also filed a "motion in opposition to dismissal of defendant Alameida and joining C.D.C. Director Woodford" concurrently with his amended complaint.  This filing, along with the prayer for relief in the amended complaint which has eliminated all claims for injunctive relief, makes clear that plaintiff does not seek to join Woodford in his lawsuit.  Therefore, plaintiff's September 16, 2005 filing will be construed as a request to voluntarily dismiss this defendant, and as a request to eliminate any claim for injunctive relief.

Accordingly, IT IS ORDERED that:

1. The amended complaint, filed September 16, 2005, is stricken.

2. Plaintiff's motion, filed September 16, 2005, construed as a request to eliminate his claim for injunctive relief and as a request to dismiss defendant Woodford, is granted.

For the reasons stated in this court's August 30, 2005 order, IT IS RECOMMENDED that defendant Alameida be dismissed from this action.  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these

findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: 10/12/05

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076
O'Keeffe1695.fr